THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HIRAM ROSA, Appellant.— Order entered March 10, 1967 unanimously reversed, on the law, and proceeding remanded to the Supreme Court, New York County, for a *de novo* hearing on the issue of the voluntariness of the defendant's confession. Following the hearing, the court shall make appropriate findings as enjoined by *People* v. *Huntley* (15 N Y 2d 72). The refusal of the Judge upon the *Huntley* hearing to consider the defendant's evidence as to whether he was advised of his constitutional rights and as to whether he was denied access to his family, factors litigated at defendant's 1956 trial and in evidence at the hearing as part of the trial record received in evidence, was error but not prejudicial in the circumstances on the issue of the voluntariness of the defendant's confession. (*People* v. *Horton,* 18 N Y 2d 355; *People* v. *Hocking,* 18 N Y 2d 832; *People* v. *Huntley,* 15 N Y 2d 72, *supra.*) Nevertheless, since the People must prove, and the Judge must find, voluntariness beyond a reasonable doubt, and since it is incumbent upon the court to consider the "totality of the circumstances" surrounding the obtaining of any confession (*Clewis* v. *Texas,* 386 U. S. 707, 708; *Davis* v. *North Carolina,* 384 U. S. 737, 741; *People* v. *Huntley, supra,* p. 78), a new Huntley hearing is required because of the refusal or failure of the hearing Judge to consider whether the defendant's confession was "the product of a rational intellect and a free will" (*Blackburn* v. *Alabama,* 361 U. S. 199, 208). Counsel for the defendant sought to offer proof that prior to and following his trial the seventeen year old defendant attempted suicide; that three days after his sentence he was found to be psychotic and had been transferred to a mental institution; and that he had had a psychiatric history from the time he was eleven years of age. Justice to the defendant requires that the sweep of the inquiry encompass the issue of the effect of defendant's emotional stability and mental competence upon the voluntariness of his confession. "If his confession was not 'the product of a rational intellect and a free will,' his confession is inadmissible because coerced." (*Townsend* v. *Sain,* 372 U. S. 293, 307.) A *de novo* hearing is mandated wherein the totality of the circumstances, including evidence as to preconfession warnings and as to access to family, shall be weighed "against the power of resistance of the person confessing." (*Stein* v. *New York,* 346 U. S. 156, 185; *Fikes* v. *Alabama,* 352 U. S. 191, 197; *People* v. *Conilio,*

624

23 N Y 2d 701.)　Concur — Eager, J. P., Steuer, Capozzoli, Tilzer and McGivern, JJ.